Case 1:10-cv-00883-PLM Doc #1 Filed 09/08/10 Page 1 of 5 Page ID#1

FILED - GR
September 8, 2010 3:35 PM
TRACEY CORDES, CLERK
U S DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY ___aid___ SCANNED BY /s/ 9/10

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Sondra Brown**,            )
                                 )
            Plaintiff,    )
                                 )    Hon.
        v.                     )
                                 )
**Shermeta, Adams & Von Allmen,** )
P.C., a Michigan professional        )
service corporation,               )
                                 )
           Defendant.      )
_____)

1:10-cv-883
Paul L Maloney
Chief U.S. District Judge

**Complaint**

**I.     Introduction**

      1.     This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

**II.    Jurisdiction**

      2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue in this judicial district is proper because the pertinent events took place here.

**III.   Parties**

      3.     Plaintiff Sondra Brown is a natural person residing in Allegan County, Michigan. Ms. Brown's residential street address is 45 Blue Star Highway, South Haven, Michigan 49090. Ms. Brown is a "consumer" and "person" as the terms are defined and/or used in the FDCPA.

      4.     Defendant Shermeta, Adams & Von Allmen, P.C. ("Shermeta") is a Michigan professional service corporation. The registered agent for Shermeta is Douglas H. Shermeta, 901

Tower Drive, Suite 400, Troy, Michigan 48098. Shermeta uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Shermeta regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Shermeta is a "debt collector" as the term is defined and/or used in the FDCPA.

**IV.   Facts**

5.   Ms. Brown had an account and small line of credit ($750.00) with Capital One Bank (USA), N.A. ("Capone") which she used to obtain goods and/or services for personal, family or household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA.

6.   Ms. Brown had a dispute with Capone regarding the account and alleged debt.

7.   Capone claimed that the debt was not paid.

8.   Capone charged off the account several years ago, but not before adding a plethora of charges, fees and interest to the supposed balance.

9.   Ms. Brown denies owing a debt to Capone.

10.   Ms. Brown refuses to pay the alleged debt.

11.   Capone hired Shermeta to collect the alleged debt from Ms. Brown.

12.   On or about August 3, 2010, Shermeta on behalf of Capone filed a lawsuit against Ms. Brown in the 7th District Court, West Division, Van Buren County, Michigan, Case No. 101029GC. Capone alleged in the Complaint that Ms. Brown owed $1,896.09, plus costs, interest and attorney fees.

13.   The summons and complaint filed by Shermeta in the state court lawsuit correctly stated Ms. Brown's residential address, which is in Allegan County, Michigan.

14. Shermeta caused the summons and complaint to be served on Ms. Brown at her residence in Allegan County, Michigan.

15. At no time between the filing of the state court lawsuit and the present did Ms. Brown reside in Van Buren County, Michigan.

16. When Shermeta filed the state court lawsuit against Ms. Brown in Van Buren County, Michigan , Ms. Brown was residing in Allegan County, Michigan.

17. The FDCPA states that a debt collector may file a collection suit against a consumer, only in the judicial district in which the consumer signed the contract sued upon, or in which the consumer resides at the commencement of the action. 15 U.S.C. § 1692i.

18. Shermeta sued Ms. Brown in Van Buren County, Michigan.

19. The contract upon which Shermeta sued Ms. Brown was not signed in Van Buren County, Michigan.

20. Ms. Brown did not reside in Van Buren County, Michigan, when Shermeta filed the state court lawsuit against Ms. Brown in Van Buren County.

21. When Shermeta filed the state court lawsuit against Ms. Brown, Shermeta had no legitimate reason to believe that Ms. Brown was then residing in Van Buren County, Michigan.

22. When Shermeta filed the state court lawsuit against Ms. Brown, a simple search of Ms. Brown's name and social security number, using any number of commercially available search engines, such as www.accurint.com, would readily have disclosed that Ms. Brown was then residing in Allegan County, Michigan.

23. When Shermeta filed the state court lawsuit against Ms. Brown, Shermeta could have gone to an internet website maintained by Allegan County (www.allegancounty.org),

performed a search of Ms. Brown's residential street address, and immediately determined that Ms. Brown's residence is located in Allegan County and not in Van Buren County, Michigan.

24. When Shermeta filed the state court lawsuit against Ms. Brown, a review of any number of commercially available maps would readily have disclosed that Ms. Brown was then residing in Allegan County, Michigan.

25. When Shermeta filed the state court lawsuit against Ms. Brown, a telephone call to the Van Buren County Department of Equalization and Mapping would have disclosed that Ms. Brown's residential street address was not located in Van Buren County, Michigan.

26. When Shermeta filed the state court lawsuit against Ms. Brown, a telephone call to the Van Buren County Department of Treasury would have disclosed that Ms. Brown's residential street address was not located in Van Buren County, Michigan.

27. Shermeta failed to maintain procedures, reasonably adapted to avoid filing suit against Ms. Brown in the wrong judicial district.

28. Shermeta failed to follow procedures, reasonably adapted to avoid filing suit against Ms. Brown in the wrong judicial district.

29. When Shermeta filed the state court lawsuit against Ms. Brown, Shermeta had no legitimate reason to believe that the contract upon which the lawsuit was based was signed by Ms. Brown in Van Buren County, Michigan.

30. Shermeta filed a collection lawsuit against Ms. Brown in the wrong judicial district and violated the FDCPA, 15 U.S.C. § 1692i.

31. Shermeta is liable for the acts and omissions of Shermeta and its employees done in connection with efforts to collect a debt from Ms. Brown

32. As an actual and proximate result of defendant's acts and omissions, plaintiff has suffered actual damages and injury, including but not limited to, financial loss, fear, stress, mental anguish, emotional stress, embarrassment, and suffering for which she should be compensated in an amount to be established by jury and at trial.

**V.     Claims for Relief**

### Count 1– Fair Debt Collection Practices Act

33. Plaintiff incorporates the foregoing paragraphs by reference.

34. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

   a) Defendant violated 15 U.S.C. § 1692i by filing and continuing to maintain a collection lawsuit in the wrong judicial district.

**Wherefore,** plaintiff seeks judgment against defendant for:

   a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

   b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

   d) Such further relief as the court deems just and proper.

### Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: September 8, 2010

/s/ Phillip C. Rogers
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com